UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ARACELIS RAMOS

                              Case No. 14-cv-4643-LDW-AKT

           Plaintiff,

                              **AMENDED COMPLAINT-**
                                 **CLASS ACTION**

v.

GUTMAN, MINTZ BAKER & SONNEFELDT, P.C.;
ERIC JUSTIN KEILBACH

           Defendant.
-------------------------------------------------------X

## INTRODUCTION

1. Plaintiff brings this class action to secure redress from unlawful credit and collection practices engaged in by defendant Gutman, Mintz, Baker & Sonnenfeldt P.C. ("Gutman") and Eric Justin Keilbach ("Keilbach"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA's Section entitled "Congressional findings and declaration of purpose" states:

(a) Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt

collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because Gutman does business within this district and the activities giving rise to this action occurred within this district.

## PARTIES

5. Gutman has an address of 813 JERICHO TPKE in NEW HYDE PARK, NEW YORK, 11040.

6. According to Gutman's website, Eric Justin Keilbach is an attorney who is the "Partner in charge of collections."

7. Plaintiff is a resident of the state of California and as it relates to this action is a "consumer" as defined by the FDCPA.

## FACTS

8. In 2006, Hunts Point I Associates represented by Gutman sued Plaintiff in the Civil Court for the City of New York in the County of Bronx with index number 99338/06.

9. The entity "Hunts Point I Associates" does not exist according to the Department of State's Corporation and Entity Database.

10. The entity "Hunts Point I Associates" does not exist with any suffix such as Inc., LLC, LLP or PLLC according to the Department of State's Corporation and Entity Database.

11. On information and belief, Defendants were not authorized to restrain Plaintiff's account on behalf of a non-existent entity.

12. Plaintiff was not served with the 99338/06 Summons and Complaint and did not know about the Complaint.

13. Service of the Summons and Complaint was attempted in Bronx.

14. However, Plaintiff was living in Puerto Rico at the time of the attempted service.

15. The Complaint was seeking rent for the months of March 2003 through July 2003 for Plaintiff for breach of a lease agreement at the premises of 717-719 Coster St. Apt. 2D in the Bronx.

16. However prior to the lawsuit, Plaintiff was completely released from all claims relating to her tenancy at 717-719 Coster St. Apt. 2D pursuant to an agreement reached in Landlord Tenant Court with an index number of 13920/02 ("13920/02").

17. As Plaintiff did not know about the lawsuit because she wasn't served, Hunts Point I Associates won a default judgment.

18. On or about March 12th, 2014, Gutman through Keilbach restrained plaintiff's bank account even though it knew or should have known that the Judgment it was seeking to collect upon should never have been entered because of the agreement in 13920/02.

19. Plaintiff was forced to hire a lawyer in order to vacate the Restraint on her bank account obtained against her.

20. The restraint was vacated and index number 99338/06 in the Civil Court of the City of New York in the county of Bronx was discontinued with prejudice.

21. Upon information and belief, Defendants attempted to have the money in Plaintiff's bank account turned over to them by initiating in the Civil court of the City of New York in the county of Bronx index number7665-14

22. It is apparent based on the facts above that neither Plaintiff's account file nor any of the underlying paperwork allegedly giving rise to Plaintiff's debt was reviewed prior to Defendants causing Plaintiff's bank account to be restrained.

23. Upon information and belief, Gutman and Keilbach's failure to review Plaintiff's account status prior to freezing her bank account, far from an anomaly, is part of the business plan developed by Gutman and Keilbach, who have found that meaningfully reviewing accounts prior to causing consumer bank

accounts to be restrained is not as profitable as restraining consumer bank accounts without review, because the overwhelming majority of consumers against whom bank accounts are restrained are against unsophisticated *pro se* litigants who are, as a practical matter, incapable of meaningfully challenging the restraints.

24. In light of the foregoing, Plaintiff perceived, as would the least sophisticated consumer, that the restraining notice was in fact the work product of a licensed attorney -- after all, it purports to be personally signed in numerous places by a licensed attorney.

25. The FDCPA imposes upon attorneys a duty of reasonable inquiry when an attorney is signing any debt collection communication, including all legal documents that are sent to a consumer in connection with an attempt to collect a debt. This means that, *inter alia*, prior to signing, filing or issuing any legal document, the signing attorney must be licensed to practice law and must conduct a complete review of the entire file maintained by the creditor and be familiar with the policies and procedures of that creditor for maintaining its file and related documents.

26. Plaintiff is informed and believes, and on that basis thereon alleges, that the restraint on Plaintiff's bank was neither caused by nor was the result of any meaningful review or involvement by a New York licensed attorney.

27. Upon information and belief, the Defendants' business strategy

is to have non-attorney, hourly wage, employees prepare hundreds of bank account restraints against consumers with no meaningful attorney involvement, in an over-burdened state court system, in the hope that they can use the restrained bank account as leverage to extract payment from consumers.

28. On information and belief, the Defendants' collect hundreds of thousands of dollars each year by utilizing this deceptive and violative business strategy.

29. In short, the Defendants go about restraining bank accounts on behalf of Hunts Point I Associates and other creditors in the State of New York with nothing more than boilerplate, computer-generated, documents that are mass-produced by Defendant's non-attorney debt collectors who are paid minimal hourly wages, which documents are then "robo-signed" by the Defendants who have not performed any meaningful review of the consumer's file prior to signing.

30. Defendants' conduct violates 15 U.S.C. §§1692 and 1692d, e or f.

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

32. The class consists of all persons whom Eric Keilbach acting for Gutman, Mintz, Baker & Sonnenfeldt P.C. restrained consumers' bank account as a result of a debt that arose from a consumer transaction on or after a date one year prior to the filing of this complaint.

33. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

34. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the Defendants' conduct violates the FDCPA.

35. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

37. A class action is superior for the fair and efficient adjudication of this matter, in that:

(a) Individual actions are not economically feasible;

(b) Members of the class are likely to be unaware of their rights;

(c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated:  September 29, 2014

                           **The Plaintiff**

By: _____
Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
216 West 104th St. #129
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com
*Attorney for Plaintiff*