

WWW.RIVKINRADLER.COM

**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

November 7, 2014

**VIA ECF**

Honorable Leonard D. Wexler
100 Federal Plaza
P.O. Box 9014
Central Islip, NY  11722-9014

    Re:  *Ramos v. Gutman Mintz Baker & Sonnenfeldt P.C.*
           14-cv-04643 (LDW) (AKT)

Your Honor:

      The law firm of Rivkin Radler LLP represents Defendants Gutman, Mintz, Baker & Sonnenfeldt, P.C. and Eric Justin Keilbach, ("Defendants"), in the above entitled action.  Pursuant to Your Honor's Individual Rules, Defendants respectfully request a pre-motion conference to address their intended motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit "A".*

      Plaintiff's Amended Complaint, which Plaintiff styles as a "class action," alleges violations by Defendants of the Fair Debt Collection Practices Act, ("FDCPA"), more specifically §§ "1692d, e or f."  *See, Amended Comp., at ¶ 30.*  Based upon the plain wording of the statutes at issue and/or doctrinal authority interpreting the same, Plaintiff's allegations fail to state a plausible claim upon which relief can be granted.

      The pertinent factual allegations are set forth in ¶¶ 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22 of the Amended Complaint.  *See, Exhibit "A".*  None of these allegations, either singularly or collectively, set forth a plausible claim under the FDCPA provisions identified in the Amended Complaint.

    1.  <u>Plaintiff Has Not Stated A Plausible Claim For Relief Under FDCPA §1692d</u>

    Section 1692d provides as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

926 RXR Plaza
Uniondale, NY 11556-0926
T. 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



November 7, 2014
Page 2

> connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3) [604(a)(3)] of this Act [15 USCS § 1681a(f) or 1681b(a)(3)].
> (4) The advertisement for sale of any debt to coerce payment of the debt.
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> (6) Except as provided in section 804 [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

*15 U.S.C. § 1692d.*

It is clear that Plaintiff has failed to proffer any allegation that would support a claim within the ambit of §1692d.

    2.    <u>Plaintiff Cannot State A Plausible Claim For Relief Under §1692e</u>

Section 1692e prohibits debts collectors from using "any false, deceptive or misleading representations or means in connection with the collection of any debt." While Plaintiff has not alleged what specific provisions of §1692e have been implicated, it is of no moment, as none of the allegations can establish a violation of said provisions.

In this regard, "[i]n general, courts analyze whether a statement is false or misleading... by asking whether the statement would be misleading to the 'least sophisticated consumer.'" *Lane v. Fein, Such and Crane. LLP.*, 767 F. Supp. 2d 382, 388 (E.D.N.Y. 2011) *(quotation omitted)*. "Whether a statement is false or misleading is a question of law, so a Court 'can resolve whether a



November 7, 2014
Page 3

communication violates Section 1692e on a motion to dismiss.'" *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 U.S. Dist. LEXIS 137454 * 33-34 (E.D.N.Y. Sept. 26, 2014) (quotation omitted).

Numerous District Courts in this Circuit have interpreted §1692e as requiring a material misrepresentation. *Id. at * 34.* "Statements are material if they influence a consumer's decision to pay a debt or if they could impair the consumer's ability to challenge the debt." *Id. (Quotation omitted).* "Moreover, courts in this Circuit have been reluctant to impose liability under the FDCPA for statements made by creditors' attorneys during the course of debt collection litigation." *Id., at * 36.* This is because "FDCPA's central purpose of 'protecting unsophisticated consumers from unscrupulous debt collectors' is not implicated in state court proceedings, where litigants 'enjoy myriad procedural and substantive protections from fraudulent and deceptive practices.'" *Id. (Quotation omitted).*

Here, none of Plaintiff's allegations, even if proven, would amount to material misrepresentations and "[n]owhere does his complaints allege that [Defendants] mislead Plaintiff regarding the nature or status of his debt or his ability to challenge the debt." *Id., at * 34-35.* Moreover, "[i]mposing FDCPA liability [here] is not necessary to serve the statute's purpose of protecting consumers since [P]laintiff could have and did, seek redress through the court system." *Id.*

Accordingly, Plaintiff's claims against Defendants under § 1692e should be dismissed for failure to state a plausible claim upon which relief can granted.

3. <u>Plaintiff Cannot State A Plausible Claim For Relief Under §1692f</u>

Plaintiff's §1692f claim relies on the same alleged litigation misconduct raised under Section 1692e. As such, this claim must be similarly dismissed for the reasons stated above. *Id., at *38.*

Very truly yours,

RIVKIN RADLER LLP


_____/s/_____
Kenneth A. Novikoff

cc: Shimshon Wexler (*via* ECF)
KAN/sme
3073230 v3