*The Law Offices of Shimshon Wexler, PC*
*216 West 104th Street, #129*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
*swexleresq@gmail.com*

November 14th, 2014

VIA CM/ECF
Hon. Leonard D. Wexler, U.S.D.J.
U.S. District Court
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

RE:  Ramos v. Gutman, Mintz, Baker & Sonnefeldt P.C. et al. 14-cv-04643-LDW-AKT

Dear Judge Wexler:

    I am the attorney for the plaintiff Aracelis Ramos ("Ramos") in this action. This letter is submitted in response to Defendants Gutman, Mintz, Baker & Sonnefeldt, PC ("Gutman") and Eric Keilbach's ("Keilbach") letter in which they requested a pre-motion conference.

    The facts of this case are stated in the Amended Complaint. Plaintiff was released from all claims relating to her tenancy at 717-719 Coster Street Apartment 2D in Bronx, New York pursuant to a settlement agreement reached in Housing Court in March 2002. Despite this release, the law firm of Gutman, Mintz sued the Plaintiff in 2006 for not paying rent for the time period of March 2003 through July 2003 at 717-719 Coster Street Apartment 2D in Bronx, New York--long after she had vacated the apartment pursuant to the settlement agreement. Plaintiff was living in Puerto Rico at the time the 2006 lawsuit was commenced and she was not served with the lawsuit. Therefore, she was not able to contest the lawsuit. A default judgment was entered in favor of Hunts Point I Associates and against Plaintiff.

In 2014, Defendants caused Plaintiff's bank account to be restrained based on the meritless default judgment even though they knew or should have known that it was in fact a meritless judgment. Plaintiff was forced to hire a lawyer to vacate the default judgment and regain access to her bank account. Because the default judgment was meritless, Plaintiff had the default judgment vacated and the action dismissed with prejudice and her access to the bank account was restored pursuant to a stipulation of discontinuance filed in the Civil Court for the City of New York on or about June 2, 2014.

Plaintiff filed the Amended Complaint on September 29, 2014 and alleged that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") found at 15 U.S.C. § 1692d, e or f. Section "d" prohibits harassment oppression or abuse in connection with debt collection. Section "e" prohibits false, misleading or deceptive representations in connection with debt collection. Section "f" prohibits unfair or unconscionable means to attempt to collect a debt.

15 USC § 1692e(2) prohibits the false representation of— (A) the character, amount, or legal status of any debt. In this case, by restraining Plaintiff's bank account, Defendants represented that Plaintiff owed a debt when in fact she didn't. § 1692f(1) prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. In this case the Defendants attempted to collect the debt that was never owed.

The class allegations in this case are based on Defendants violation of § 1692e(3). Although the statutory text of § 1692e(3) merely prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney," *id.*, the Second Circuit has held that "some degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir.2003). *Miller* noted that the analysis would turn on, among other things, whether the attorney's examination of the case file was adequate to permit determination of "whether [the debtor]was or was not obligated to pay the debt...." *Id. at 305.*

The Supreme Court has held that the FDCPA's strictures apply to the activities of lawyers while they are engaged in state court litigation. Heintz v Jenkins, 514 U.S. 291 (1995). In our case, a restraint was placed on Plaintiff's bank

account as a result of a restraining notice issued by Defendants which was issued without Defendants examining whether or not Plaintiff "was or was not obligated to pay the debt". Indeed the allegations in the Amended Complaint go further and state that not only did the Defendants fail to examine whether there was a proper debt but that Defendants knew or should have known that there was not a proper debt.

In conclusion, Defendants' proposed motion to dismiss lacks merit and the complaint is facially plausible.

Plaintiff thanks the Court for its attention to this matter.

Respectfully Submitted,

_____/s_____

Shimshon Wexler