| | |
|---|---|
| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON           DATE:   11-18-2014
          U.S. MAGISTRATE JUDGE            TIME:   3:00 p.m. (19 minutes)

*Ramos v. Gutman Mintz Baker & Sonnenfeldt P.C.,*
**CV 14-4643 (LDW) (AKT)**

TYPE OF CONFERENCE:        **INITIAL CONFERENCE**

APPEARANCES:   Plaintiff     Shimshon Wexler
                             Howard S. Edinburgh (Of Counsel)

               Defendant     Kenneth A. Novikoff

FTR:   3:13-3:32

SCHEDULING:

This case is set down for a Telephone Status Conference on April 6, 2015 at 2:30 p.m.

THE FOLLOWING RULINGS WERE MADE:

1. I met with counsel for the parties in this putative class action under the FDCPA to discuss discovery moving forward in light of the letter request for a pre-motion conference submitted by defendant's counsel to Judge Wexler. Plaintiff wishes full discovery to proceed both as to the merits and as to class discovery. The Court previously denied defendant's application to stay all discovery. Today, the Court has stayed class discovery, but will permit discovery as to the individual plaintiff to proceed. Depositions, however, are stayed at least until the attorneys have the pre-motion conference with Judge Wexler.

2. The Court directed Attorney Edinburgh to file a Notice of Appearance promptly.

3. Counsel for both sides confirmed that they have served their Rule 26(a) Initial Disclosures.

4. Based upon the discussions with the attorneys during today's conference, counsel believe that a Stipulation and Order of Confidentiality is not necessary at this time. However, if class discovery is permitted to go forward in the future, this issue will need to be revisited.

4. I am giving the parties until January 6, 2015 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case. The parties are to file their letter agreement, executed by all counsel, on ECF no later than January 6 advising me of what agreement/ procedure has been put in place, and the specific details of such agreement. In the alternative, if there is no ESI relevant to this case, the parties shall so advise me in the same manner.

5. The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is held in abeyance pending the outcome of the anticipated motion practice before Judge Wexler.

6. The April 6, 2015 telephone status conference is implemented as a control date in the event that the anticipated motion to dismiss is not yet been decided. If the motion is determined in the interim, counsel have been directed to contact my Chambers within three days of Judge Wexler's decision to set up a telephone conference if the motion is denied in whole or in part.

7. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion as expeditiously as possible. <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>. Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (*not* merely an exchange of e-mails or letters).

   If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

8. As counsel were advised today, under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying CMSO must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders. Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner. All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline. The parties are directed to my Individual Practice Rules for further information.

    SO ORDERED

    /s/ A. Kathleen Tomlinson
    A. KATHLEEN TOMLINSON
    U.S. Magistrate Judge